IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GREGORY N. CARTER,

    Plaintiff,

  v.

SAN FRANCISCO COUNTY JAIL SHERIFF, et al.,

    Defendants.
                            /

No. C 09-01863 CW (PR)

ORDER REGARDING IN FORMA PAUPERIS MOTION

    Plaintiff, a state prisoner, filed this pro se civil rights action under 42 U.S.C. § 1983 and a prisoner in forma pauperis (IFP) application while he was incarcerated at the San Francisco County Jail.  The Clerk of the Court has confirmed that he is no longer in custody at the jail.  His address on record is currently 27 Westbrook Court, San Francisco, California 94124.

    Ordinarily, a plaintiff is permitted to file a civil action in federal court without prepayment of fees or security if he alleges in an affidavit that he is unable to pay such fees or give security therefor.  See 28 U.S.C. § 1915(a).  But if the plaintiff is a prisoner who alleges that he is unable to pay the full filing fee at the time of filing, he will be required to pay the full amount of the filing fee even if he is granted IFP status.  See 28 U.S.C. § 1915(b)(1).  This is done by way of an "installment plan," whereby the court will assess an initial payment, and the prisoner will be required thereafter to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's account.  See id.  However, if a prisoner who seeks leave to proceed IFP is released from prison while his action is pending, he

will not be required to pay the full filing fee if IFP status is granted. See, e.g., DeBlasio v. Gilmore, 315 F.3d 396, 399 (4th Cir. 2003) (statutory language, legislative intent and policy reasons dictate that prisoner granted IFP status when he filed action would not be liable for full amount of filing fee upon release but must be allowed to apply to proceed under general IFP provisions of § 1915(a)(1)); McGore v. Wrigglesworth, 114 F.3d 601, 613 (6th Cir. 1997) (same); McGann v. Comm'r, Soc. Sec. Admin., 96 F.3d 28, 29-30 (2d Cir. 1996) (same).

In order for the Court to assess whether he is entitled to proceed IFP he must apply to proceed IFP under the general provisions of 28 U.S.C. § 1915(a)(1). The Court will not rely upon any prior prisoner IFP application filed by Plaintiff while he was incarcerated to make the IFP determination in this action. Plaintiff shall either pay the $350.00 filing fee or file a new non-prisoner IFP application. If, based upon the information provided by Plaintiff, the Court grants Plaintiff leave to proceed IFP, the Court will proceed to review the complaint under § 1915(e)(2).[1] If the Court determines that Plaintiff is not entitled to IFP status, he will be required to pay the full filing fee or the action will be dismissed.

Accordingly, Plaintiff is directed to respond to this Order by filing a completed non-prisoner application to proceed IFP within thirty (30) days of the date of this Order. Plaintiff shall

---

[1] Under this section, the Court is required to conduct a preliminary screening for frivolity, failure to state a claim, or immune defendants in any IFP action.

include his name and case number C 09-01863 CW (PR) in his response.

The Clerk of the Court shall send Plaintiff a blank non-prisoner IFP application form along with a copy of this Order.

The Court reminds Plaintiff it is his responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

<u>Failure to respond to this Order as directed above by the thirty-day deadline shall result in the dismissal of this action without prejudice.</u>

IT IS SO ORDERED.

Dated: 9/10/09

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

3

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

GREGORY N CARTER,

        Plaintiff,

  v.

SAN FRANCISCO COUNTY JAIL SHERIFF
et al,

        Defendant.
                                           /

Case Number: CV09-01863 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 10, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Gregory N. Carter
F-14733
SF County Jail #2365597
27 Westbrook Ct.
San Francisco, CA 94124

Dated: September 10, 2009

                                          Richard W. Wieking, Clerk
                                          By: Sheilah Cahill, Deputy Clerk